UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   NOT FOR PUBLICATION
ENRIQUE ZAYAS,

                Petitioner,   MEMORANDUM
   AND ORDER
-against-
   08-CV-1037 (CBA)
ROBERT E. ERCOLE,

                Respondent.
----------------------------------------------------------X
AMON, United States District Judge:

By petition dated February 25, 2008, *pro se* petitioner Enrique Zayas seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

I.    Background

On May 14, 2001, petitioner was convicted of, inter alia, burglary in the second degree, before the New York Supreme Court, Queens County, and sentenced to 16 years to life imprisonment. See Petition at ¶¶1-5. On November 28, 2005, the Appellate Division affirmed the conviction, People v. Zayas, 23 A.D.3d 683 (2d Dep't 2005), and the New York Court of Appeals denied leave to appeal on April 17, 2006, People v. Zayas, 6 N.Y.3d 855 (2006). Petitioner did not file a writ of certiorari to the United States Supreme Court. See Petition at ¶

1

9(h).

## II. Discussion

### A. The AEDPA Period

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on or about July 17, 2006, upon expiration of the 90-day period for seeking a writ of certiorari in the United States Supreme Court. Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079, 1084-85 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Accordingly, to have been timely, this petition should have been filed in federal court on

---

[1] Petitioner does not state any facts from which one might conclude that subsections (B)-(D) are applicable in this case.

2

or before July 17, 2007. Since this petition was filed on February 25, 2008, 223 days after the one year limitations period expired, it is barred by the AEDPA unless the limitations period tolled for at least 223 days at some point after July 17, 2006.

B.  Tolling

1.  Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000).

According to petitioner, he filed a writ of error coram nobis which was denied on October 30, 2007 by the Appellate Division and leave to appeal was denied by the New York Court of Appeals on February 25, 2008. See Petition at ¶ 11 & Appendix. Because petitioner does not provide the date on which he filed the writ of error coram nobis with the Appellate Division and the date he sought leave to appeal with the New York Court of Appeals, see Petition at ¶ 11(a)(3), the Court cannot determine how much time can be tolled pursuant to section 2244(d)(2).

2.  Equitable Tolling

The limitations period may also be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at

3

17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). As currently drafted, the petition provides no basis for equitable tolling.

III. Conclusion

Accordingly, the Court directs petitioner to show cause by written affirmation, within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. Day v. McDonough, 547 U.S.198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

/S/
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
March 21, 2008